UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL HIMES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLSTATE PROPERTY AND CASUALTY )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Case No. 1:13-cv-00456-TWP-DML |

**ENTRY ON MOTION TO REMAND**

This matter is before the Court on Plaintiff Michael Himes's ("Mr. Himes") Motion to Remand and Request for Costs, Expenses, and Attorney Fees (Dkt. 9). For the reasons set forth below, Mr. Himes's motion is **GRANTED**.

## I.  BACKGROUND

Mr. Himes originally filed this breach of contract action in Marion Superior Court 11 on January 22, 2013, alleging that Defendant Allstate Property and Casualty Insurance Company ("Allstate") failed to abide by the terms of a replacement cost insurance policy issued to Mr. Himes by paying him only the actual cash value of his home following a fire. Allstate was served with a Summons and Complaint on January 24, 2013. On February 6, 2013, Allstate's counsel filed their appearances in state court, and moved the court for additional time to file Allstate's answer. The state court granted Allstate's motion, permitting Allstate additional time to file its answer to and including March 20, 2013. Allstate then filed its Notice of Removal to this Court (Dkt. 1) on March 19, 2013.

## II.  DISCUSSION

Mr. Himes asks the Court to remand this case back to the Marion Superior Court on the basis that Allstate's Notice of Removal was untimely.  Allstate responds by arguing that because it was unable to determine whether the amount in controversy exceeded $75,000.00 until March 11, 2013, this is the date that the thirty-day requirement for removal began.

Under 28 U.S.C. § 1446, the notice of removal of a civil action must be filed within thirty days after the defendant's receipt, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  In cases in which the amount in controversy is not included in the originally filed complaint, "[t]he thirty-day period under § 1446 begins to run when a defendant is able reasonably and intelligently to conclude from the pleadings and other papers that the amount in controversy exceeds the jurisdictional minimum." *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328-29 (N.D. Ind. 1991).  The time limits in § 1446 are mandatory, and failure to comply with those limits bars removal. *Id.* at 1327 (citing *Northern Ill. Gas Co. v. Airco Indus. Gases, A Div. of Airco, Inc.*, 676 F.2d 270 (7th Cir. 1982)).  A federal court cannot extend the time limit for filing a notice of removal, and the thirty-day time limit will be strictly construed against the defendant. *Id.*

Allstate claims that it was unable to ascertain the amount in controversy from the face of the Complaint, and was not able to do so until it received an e-mail from Mr. Himes's counsel on March 11, 2013, thus constituting the "other paper" under § 1446(b)(3).  Allstate's argument is disingenuous.  The basis for Mr. Himes's lawsuit is that he had purchased a replacement cost

insurance policy from Allstate, but that Allstate only paid him the depreciated cash value for his home. Paragraph 14 of Mr. Himes's Complaint states that Allstate paid him $201,200.00 as the depreciated actual cash value of his house following the fire, and in paragraph 16 Mr. Himes alleges that, at a minimum, the replacement cost sought is $475,263.56. Dkt. 1-1 at 5. Simple arithmetic shows that this is a discrepancy of $274,063.56, well over the jurisdictional threshold of $75,000.00. "[T]he defendant desiring removal has the duty to scrutinize the initial pleading for any basis for diversity jurisdiction." *Roberson*, 770 F. Supp. at 1324. The face of Mr. Himes's Complaint clearly shows that the amount in controversy exceeds $75,000.00, and Allstate should have been aware of this on January 24, 2013, the date it received the Summons and Complaint. In addition, Allstate stated in its Notice of Removal that the thirty-day time period for removal had not yet expired due to the extension granted by the state court to file its answer, not that it had just recently ascertained the amount in controversy. Dkt. 1, ¶ 1. Therefore, the Court finds that Allstate's removal to this Court was untimely and hereby **GRANTS** Mr. Himes's Motion to Remand.

Mr. Himes also asks the Court to award him the costs, expenses, and attorney fees incurred as a result of the untimely removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Section 1447(c) is a fee-shifting statute, not a sanctions rule; therefore, a plaintiff is not required to show that the defendant acted in bad faith in removing the case to federal court, though bad faith is a factor that the court may consider. *Tenner v. Zurek*, 168 F.3d at 329-30 (7th Cir. 1999). The purpose of § 1447(c) "is to make the victorious party whole, as opposed to punishing the party filing the losing action." *Towne v. Am. Family Mut. Ins. Co.*, No. 1:09-cv-0814-RLY-DML, 2010 WL 680344, at *15 (S.D. Ind. Feb. 22, 2010). Allstate should have been aware that its removal was untimely, and based upon the conflicting

3

reasons given for Allstate's erroneous belief that the notice period had been extended, the Court rejects Allstate's argument that the removal was in good faith. Therefore, the Court finds that Mr. Himes is entitled to actual fees and costs incurred as a result of Allstate's untimely removal, and **GRANTS** his Motion for Costs, Expenses, and Attorney Fees.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and Request for Costs, Expenses and Attorney Fees (Dkt. 9). Defendant's Request for Expedited Settlement Conference (Dkt. 13) is **DENIED** as **MOOT**. Mr. Himes is ordered to file an accounting of the costs, expenses, and reasonable attorney fees incurred as a result of this removal action within thirty (30) days of the date of this Entry.

**SO ORDERED.**

Date: 05/02/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Elizabeth J. Wysong Berg
GOODIN ABERNATHY LLP
eberg@goodinabernathy.com

Jon C. Abernathy
GOODIN ABERNATHY LLP
jabernathy@goodinabernathy.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jonathan A.L. Penn
PLEWS SHADLEY RACHER & BRAUN
jpenn@psrb.com